# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| ASSOCIATION OF AMERICAN | ) | |
| PHYSICIANS AND SURGEONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-CV-0499 (RMC) |
| | ) | |
| KATHLEEN G. SEBELIUS, Secretary of | ) | |
| the United States Department of Health | ) | |
| and Human Services, and MICHAEL J. | ) | |
| ASTRUE, Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## REPLY IN SUPPORT OF OBJECTION TO RELATED-CASE DESIGNATION UNDER LOCAL CIVIL RULE 40.5

### INTRODUCTION

The Court should void plaintiff's related-case designation and transfer the case to the Calendar and Case Management Committee for reassignment.  Whatever label plaintiff gives its argument in favor of related-case status – be it that the cases "involve common issues of fact" or "grow out of the same event or transaction" – the bottom line is the same:  This case and <u>Hall v. Sebelius</u>, 08-CV-1715 (D.D.C.) (RMC), share some legal similarity, as to a minority of the Association of American Physicians and Surgeons' claims, but that is all.  And legal similarity does not suffice to support a related-case designation.  <u>See</u> <u>In re Tobacco/Governmental Health Care Costs Litigation</u>, 76 F. Supp. 2d 5, 9 n.5 (D.D.C. 1999).

1

**ARGUMENT**

**I.     This Case and <u>Hall</u> Do Not Share "Common Issues of Fact."**

Local Civil Rule 40.5 allows cases to be deemed related if they "involve common issues of fact."  LCvR 40.5.  Defendants argued that these cases do not involve common "issues of fact", i.e., factual disputes, because they involve Administrative Procedure Act ("APA") claims. Notice of Opposition to Related-Case Designation Under Local Rule 40.5, Doc. No. 5, May 12, 2010 ("Related-Case Obj."), at 4-7; <u>James Madison Ltd. by Hecht v. Ludwig</u>, 82 F.3d 1085, 1096 (D.C. Cir. 1996).  Plaintiff responds that cases should be deemed related if they share common facts, regardless of whether those facts are contested.  Plaintiff's Response to Notice of Opposition to Related-Case Designation Under Local Rule 40.5, Doc. No. 6, May 24, 2010 ("Opp to Related-Case Obj."), at 7.   Moreover, plaintiff continues, the similar APA claims will involve common administrative records and facts.  <u>Id.</u> at 6.

Plaintiff's interpretation of the phrase "issues of fact," which ignores the words "*issues of,*" should be rejected because it disregards the rule's purpose and lead to absurd results.  <u>See, e.g.</u>, <u>Dolan v. United States Postal Service</u>, 546 U.S. 481, 486 (2006); <u>Kaseman v. District of Columbia</u>, 444 F.3d 637, 642 (D.C. Cir. 2006).  The related-case exception to the random-assignment rule is meant to further judicial efficiency, as it would be a waste of time and resources for two judges to be handling cases that involve common factual disputes that require resolution.  <u>See</u> <u>Tripp v. Executive Office of the President</u>, 196 F.R.D. 201, 202 (D.D.C. 2000). <u>Id.</u>  But as interpreted by plaintiff it would be unjustifiably overinclusive; many cases could be deemed related when doing so would involve no efficiency gains.  For example, under plaintiff's interpretation of the rule, two breach of contract actions involving different contracts would be

related simply because one of the parties was the same in both cases.  Importantly, there would be a cost to this vast overinclusiveness, namely, a proliferation of judge shopping.[1]  A plaintiff could parlay meaningless factual similarities into an opportunity to handpick its judge.

Plaintiff's examination of canons of construction does not aid its cause.  Plaintiff argues that, notwithstanding the canon of construction that holds that rules should be interpreted so as to give every word meaning, see Corley v. United States, 129 S.Ct. 1558, 1566 (2009), the words "issue of" in the phrase "issue of fact" sometimes are ignored.  Opp to Related-Case Obj. at 7-8.  Even if plaintiff's argument is correct, it merely demonstrates that canons of construction, though useful guides, are not dispositive.  See United States v. Amato, 540 F.3d 153, 161 (2d Cir. 2008).  But that a canon of construction is not dispositive, does not mean that the interpretation it counsels is wrong.  As explained above, there are strong reasons to favor defendants' interpretation over plaintiff's.

Notably, plaintiff fails to address Atlanticare Reg'l Med. Ctr. v. Leavitt, 08-CV-872, (D.D.C.) (HHK).  The Atlanticare court rejected a plaintiff's related-case designation, which was based on the fact that the two cases involved APA claims challenging the same statutory and regulatory scheme.  It held that each case  "involves a question of law . . . not an issue of fact." Atlanticare, 08-CV-872, Order, Doc. No. 15.  Atlanticare directly contradicts plaintiff's argument, and plaintiff's failure to address it is telling.

---

[1] Defendants' references to judge shopping here and in its opening brief are not an oblique invocation of due process rights.  Opp to Related-Case Obj. at 2-5.   Defendants raise no due process objection in their objection. Defendants' position is simply that acceptance of plaintiff's interpretation of the related-case exception will lead to judge shopping or an appearance of unfairness, which is, in light of the purposes of the random-assignment rule and related-case exception, a reason to avoid that interpretation of the exception.  See, e.g., Dolan, 546 U.S. at 486 (2006) (noting that purpose is a valid interpretative guidepost).

Not only does plaintiff err in its interpretation of "issues of fact," but it also falters in asserting that "this case and <u>Hall</u> nonetheless will depend on the same facts in the same administrative record."  Opp to Related-Case Obj. at 6.  The APA claims in both cases arise under the jurisdictional auspices of the Social Security Act, <u>see</u> 42 U.S.C. § 405, because they entail claims for Social Security benefits, <u>Weinbereger v. Salfi</u>, 422 U.S. 749, 761 (1975).  Under § 405, the relevant administrative record is the record of the agency's determination with respect to a specific claimant.[2]  <u>See</u> 42 U.S.C. § 405(g).  Plaintiff has not alleged that any claimant who might be involved in this case would be the same as any of the claimants in the <u>Hall</u> case, and there is no reason to think he or she would be.  Thus, there is no reason to think that the APA claims in this case and <u>Hall</u> would involve the same administrative records or same facts.

## II.    This Case and <u>Hall</u> Do Not Grow out of the Same Event or Transaction.

Plaintiff argues that defendants have conceded that the cases are related on the ground that they "grow out of the same event or transaction."  <u>See</u> Opp to Related-Case Obj at 9.   Not so.  The basic rationale for plaintiff's assertion that this case and <u>Hall</u> grow out of the same event or transaction is that "both grow out of the defendants' issuance and enforcement of the [POMS] without following the procedures that the APA requires to promulgate substantive rules."  Opp to Related-Case Obj at 9.  Translation: the cases are related because they involve the same legal question.  Defendants explained in their opening brief that legal similarity is not a sufficient basis for a related-case designation.  Related-Case Obj at 2; <u>see also id.</u> at 5.  And while

---

[2]  The Court in <u>Hall</u>, of course, determined that plaintiffs need not exhaust their administrative remedies, so there are not administrative records for all of the individual claimants in that case.  <u>Hall</u>, 08-CV-1715, Memorandum Opinion, Doc. No. 21.

defendants did not address the "same event or transaction" argument by name, they addressed

the basic underlying argument, and that is what counts.  Courts do not exalt form over substance

when determining whether arguments have been waived.[3]  See, e.g., First Union Nat'l Bank v.

Pictet Overseas Trust, Corp., Ltd., 477 F.3d 616, 622 (8th Cir. 2007).

Plaintiff's argument on relatedness is meritless.  By plaintiff's lights, all cases that

challenge the same statute or regulation "grow out of the same event or transaction," namely, the

enactment of that statute or rule.  Plaintiff's interpretation of the rule would contradict well-

established case law holding that legal similarities do not suffice to support related-case

designations, even if those legal similarities are repackaged as "events or transactions."  See

Keepseagle v. Glickman, 194 F.R.D. 1, 3 (D.D.C. 2000); Dale v. Executive Office of the

President, 121 F. Supp. 2d 35, 37 (D.D.C. 2000).

Moreover, plaintiff's expansive interpretation of the phrase "grow out of the same event

or transaction" would: (i) ignore the efficiency-furthering purpose of the related-case rule, see

Tripp, 196 F.R.D. at 202; In re Tobacco/Governmental Health Care Costs Litigation, 76 F. Supp.

2d at 9 n.5;  (ii) set the stage for widely uneven and inefficient case distributions, merely because

one district judge happened to get the first in a long line of cases; and (iii) stunt the development

---

[3] In any event, the Local Rules permit the Court to reject a related-case designation of its own accord, without any prompting from defendants.  LCvR 40.5(c)(1).  This rule reflects the basic legal principle that "when a rule implicates judicial interests beyond those of the parties, it may be appropriate for a court to invoke the rule sua sponte in order to protect those interests." United States v. Mitchell, 518 F.3d 740, 750 (10th Cir. 2008).  And as explained from pp. 5-6, the random-assignment rule implicates judicial interests beyond those of the parties that the Court should act on its own to protect.  Indeed, that judicial interests beyond those of the parties are at stake in the context of related-case designations is demonstrated by Collins v. Pension Benefit Guaranty Corp., 126 F.R.D. 3, 8 (D.D.C. 1989), in which the court considered an argument for related-case status raised for the first time in a reply brief.

of the law by obviating the ability of different judges to consider the important legal questions of

the day, see United States v. Mendoza, 464 U.S. 154, 160 (1984).[4]

### III.   The Circumstances of Plaintiff's Designation Create An Unusually Strong Appearance of Judge Shopping.

The circumstances of plaintiff's designation present an unusually vivid appearance of

judge shopping.  First, these cases do not share common "issues of fact" or "grow out of the

same event or transaction."  Second, plaintiff filed its complaint and notice of related-case

designation only two days after the Court denied federal defendants' motion for reconsideration

in Hall and, thereby, reaffirmed its denial of federal defendants' motion to dismiss.  Related-

Case Obj. at 8.  Indeed, plaintiff does not deny the assertion that it has designated the cases as

being related in order to benefit from the Court's position on the APA claims.

---

[4] Plaintiff argues in passing that this case meets the "more rigorous" subject-matter criteria for related-case status found in LCvR 40.5(a)(4).  See Opp to Related-Case Obj. at 9. This argument is unpersuasive.  Rule 40.5(a)(4) states that cases may be deemed to be related if the earlier case has been dismissed and the cases involve the same parties and "relat[e] to the same subject matter."  The rule is inapplicable to this case by its own terms:  The earlier case, Hall, has not been dismissed, and both cases do not involve the same parties.  See  LCvR 40.5(a)(4).

Nor do the cases involve the same subject matter:  The Hall case does not contain any claims challenging the new health care reform legislation, see Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010), amended by Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152, 124 Stat. 1029 (2010) (together "ACA"), which was enacted about a year and a half after Hall was filed and many years after the challenged statements in the Social Security Administration's ("SSA's") Programs Operation Manual System ("POMS") were published.   And the ACA claims that plaintiff included in its complaint bear no relationship to the APA claims (in this case and Hall).  The ACA comprehensively regulates the interstate markets in health care and health insurance; the challenged POMS provision is statement in a handbook used by SSA employees.  In short, plaintiff's insistence that the ACA and POMS claims relate to each other because they both involve intrusion in the practice of medicine is nonsense.  See Opp to Related-Case Obj. at 9.

## CONCLUSION

For the above-stated reasons, the Court should the transfer this case to the Calendar and

Case Management Committee for reassignment.


Dated:  June 7, 2010                              Respectfully submitted,

                                                  TONY WEST
                                                  Assistant Attorney General

                                                  RONALD C. MACHEN JR
                                                  United States Attorney

                                                  SHEILA M. LIEBER
                                                  Deputy Director, Federal Programs
                                                  Branch, Civil Division

                                                     /s/ Justin M. Sandberg
                                                  JUSTIN M. SANDBERG (IL. Bar No. 6278377)
                                                  U.S. Dept. of Justice, Civil Division,
                                                  Federal Programs Branch
                                                  20 Massachusetts Ave., NW, Rm. 7302
                                                  P.O. Box 883
                                                  Washington, DC 20001
                                                  (202) 514-5838 phone
                                                  (202) 616-8202 fax
                                                  justin.sandberg@usdoj.gov

                                                  Attorneys for Defendants